# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JASON ALEXANDER WARREN,**

    **Plaintiff,**

v.                                 Case No. 12-CV-777

**EDWARD FLYNN and JOHN DOES,**

    **Defendants.**

## ORDER

Plaintiff, who is incarcerated at Dodge Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on plaintiff's petition to proceed in forma pauperis. He has been assessed and paid an initial partial filing fee of $18.67.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more

usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the

deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that on May 9, 2012, numerous Milwaukee Police Department officers physically abused him "on the way to the M.C.J.F.C. from the mental health complex." (Compl. ¶ IV.A.) He names as defendants Milwaukee Police Chief Edward Flynn and John Does. Plaintiff claims that the abuse caused him physical and mental stress. For relief, he seeks $350,000 and that the officers to be disciplined.

It appears that plaintiff seeks to proceed on an excessive force claim against City of Milwaukee police officers whose names he does not know at this time. However, plaintiff has not provided sufficient factual matter to state a claim to relief that is plausible on its face. See Iqbal, 556 U.S. at 678. Although he provides the date and the place of the alleged abuse, plaintiff's allegation that officers "physically abused" him is insufficient to raise his right to relief above speculative level. Plaintiff should provide specific allegations with regard to the alleged physical abuse. If he does not know the names of the police officers, plaintiff may use John Doe #1, John Doe #2, and so on. He may proceed against Chief Edward Flynn until he identifies the John Doe defendants. Plaintiff should use discovery to identify the names of the individual officers. See Billman v. Ind. Dep't of Corr., 56 F.3d 785, 789 (7th Cir. 1995) (inmate's "initial inability to identify" who caused his deprivation alone is not a proper ground for dismissal, as long as allegations

3

state a claim against some identifiable person); Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 & n.3 (7th Cir. 1996) (collecting cases).

If plaintiff wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. Such amended complaint must be filed on or before **November 12, 2012**. Failure to file an amended complaint within this time period may result in dismissal of this action.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A. Otherwise, this case will be dismissed

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **November 12, 2012**, plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prisoner trust account the $331.33 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

4

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Honorable Lynn Adelman
>% Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin, this 12th day of October 2012.

>s/ Lynn Adelman
>Lynn Adelman
>District Judge